UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Naray A. Barnes,

           Plaintiff,        Case No. 23-11309

v.                                Judith E. Levy
                                United States District Judge

Edwardo Torres,

                                Mag. Judge David R. Grand

           Defendant.

_____/

**OPINION AND ORDER DISMISSING CASE WITH PREJUDICE**

Plaintiff Naray Barnes filed this *pro se* civil rights case against Defendant Edwardo Torres.[1] (ECF No. 1.) At the time this case was filed, Plaintiff was a pre-trial detainee confined at the Wayne County Jail in Detroit, Michigan. (*Id.* at PageID.1.) Plaintiff is presently a prisoner in the custody of the Michigan Department of Corrections ("MDOC") at Newberry Correctional Facility in Newberry, Michigan. For the reasons set forth below, the case is dismissed with prejudice.

---

[1] The Court apologizes for the delay in resolving Plaintiff's case.

I.  **Background**

In his complaint, Plaintiff alleges that he was "illegally arrested for a traffic stop" and that "the prosecutor and court are still trying to convict [him]," even though the victim indicated he was not the suspect. (*Id.* at PageID.3.) Plaintiff also states that, at the time his complaint, he had been detained for more than two years without a trial. (*Id.*) He requests that the case against him be dropped, that he be released on personal bond, for all individuals involved in his case to be fired, and that he receive damages for pain and suffering while in custody. (*Id.* at PageID.3–4.)

Although Plaintiff does not identify the related state court case, the relevant case appears to be *People of the State of Michigan v. Naray Antone Barnes*, No. 21-002668-01-FC, in the Third Judicial Circuit of Michigan. The public docket in that case indicates that Plaintiff was arrested around March 17, 2021. Plaintiff was charged with assault with intent to murder in violation of Mich. Comp. Laws § 750.83, assault with intent to do great bodily harm less than murder in violation of Mich. Comp. Laws § 750.84, and five firearms charges in violation of Mich. Comp. Laws §§ 750.226, 227b, and 234b. On September 11, 2023,

Plaintiff pled guilty to assault with intent to murder and two of the firearms charges. The remaining charges were dismissed. On September 25, 2023, Plaintiff was sentenced by the state court.

On or about May 23, 2023, Plaintiff filed the complaint in this action.[2] On June 23, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 7.)

## II.  Legal Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

---

[2] Because the complaint is not dated, the Court uses the postmark date that appears on the envelope. (ECF No. 1, PageID.6.) *See also Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

3

*See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

4

(quoting *Twombly*, 550 U.S. at 557).

### III. Analysis

Plaintiff's complaint fails to allege a cognizable claim. To the extent Plaintiff relies on federal criminal statutes (ECF No. 1, PageID.5), those statutes do not provide a private right of action in civil suits. *See Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308–09 (6th Cir. 2004). The complaint also cites to numerous civil rights statutes, including 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 1987. However, Plaintiff fails to include any specific factual allegations that would support a claim under these statutes. *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678. Additionally, to the extent Plaintiff seeks to recover damages for his allegedly unconstitutional arrest under § 1983 or § 1985, those claims are barred unless his underlying conviction is reversed or vacated. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by

5

a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."); *Watson v. City of Marysville*, 518 F. App'x 390, 392 (6th Cir. 2013) (holding that a plaintiff "cannot pursue his unlawful arrest claim because doing so would directly contradict his conviction" based on that arrest). As such, Plaintiff fails to state any viable claim against Defendant, and his case must be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

## IV. Conclusion

For the reasons set forth above, the case is DISMISSED WITH PREJUDICE.

Because an appeal of this opinion and order cannot be taken in good faith, the Court denies Plaintiff leave to proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: October 24, 2024  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

6

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 24, 2024.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager